UNITED STATES FEDERAL COURT
FOR
THE DISTRICT OF MASSACHUSETTS

**Civil Complaint No**.

**Brett Torngren,**

**PLAINTIFF**

**VS.**

**Texas Instruments, Inc.**

and

**John Doe,**

    **DEFENDANTS**

_____

**PLAINTIFF'S CONCISE STATEMENT OF
GENUINE ISSUES OF MATERIAL FACTS PURSUANT TO RULE 56**

_____

    NOW COMES the Plaintiff, and makes the following Statement of Material Facts pursuant to Rule 56 and further disputes the statement of facts made by the Defendant.

**STATEMENT OF FACTS**

1. The Plaintiff is a former employee of the Defendant, Texas Instruments Inc. Compl. ¶¶ 3.

2. While employed by the Defendant and its predecessors, the Plaintiff reported to the Forest Street Facility ("Facility") in Attleboro, Massachusetts. Compl. ¶¶ 3.

3. Both while working at the Facility and as well as during non-working hours, the Plaintiff was exposed to radioactive materials, including Uranium-

1

234, Uranium-235, Uranium-238, Thorium, and Radium-226 and other toxic chemicals that were stored on the property and disposed of improperly. Compl. ¶¶ 3, 58, 60, 78, 79, 83, 84, 85. These materials were stored, utilized, and buried at the Facility. Compl. ¶¶ 60, 61, 80.

4. These materials were also dumped at the Shpack Landfill in Attleboro, as well as other locations in the City of Attleboro in violation of the Atomic Energy Commission, the Nuclear Regulatory Commission and other regulatory bodies with respect to radioactive materials and other toxic and hazardous substances Compl. ¶¶ 67, 78, 81.

5. The Plaintiff received no warning about the dangers of the Plaintiff's exposure to these and other radioactive materials. Compl. ¶¶ 46–47, 63, 69.

6. No adequate steps were taken by the Defendant to protect the Plaintiff against the Plaintiff against the dangers of these materials. Compl. ¶¶ 48 – 53, 71, 99.

7. As a result of this exposure, the Plaintiff has suffered extensive physical harm with life-threatening, and fatal results. Compl. ¶¶, 112.

**Property and Companies**

8. On March 18, 1932, the property on which the Facility sits was sold from Plate Realty Company to Metals and Controls Corporation. *Exhibit 1 (Deed)*.

9. Metals and Controls Corporation merged with the Defendant, Texas Instruments Incorporated on or about April 10, 1959 thereby transferring the real property to Texas Instruments Incorporated. See *Exhibit 3 (Articles of Merger), Defendants Response to Interrogatories.*

10. On January 3, 1961, the Defendant, Texas Instruments Incorporated

transferred the property to Metals & Controls, Inc. *Exhibit 2 (Deed)*.

11. Metals & Controls, Inc. owned the property as a separate and distinct entity for the following nine years. During this period, Metals & Controls Inc. was generally liable for all injuries sustained on the property due to its negligence or otherwise.

12. On or about January 1, 1970 Metals & Controls Inc. reportedly changed its name to Texas Instruments Inc. Corporate merger records indicate that Texas Instruments, Inc. merged with the Defendant, Texas Instruments Incorporated, on December 31, 1971. *Exhibit 3*.

 

Respectfully submitted,
/s/ Fiore Porreca
Fiore Porreca, Esquire
BBO #651019
Email: pilawpc@gmail.com

PI Law PC
184 North Main Street
Attleboro, MA 02703
(401) 300-9189
Facsimile: (401) 764-0138

Dated: April 7, 2016