**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **BRETT TORNGREN**<br><br>　　　**Plaintiff**<br><br>**v.**<br><br>**TEXAS INSTRUMENTS INCORPORATED**<br>　**and JOHN DOE**<br><br>　　　**Defendants** | **CIVIL ACTION NO.**<br>**1:16-cv-12345-DPW**<br><br>**LEAVE TO FILE GRANTED ON**<br>**DECEMBER 23, 2016 [ECF NO. 9]** |

**DEFENDANT TEXAS INSTRUMENTS INCORPORATED'S**
**REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**

Dated: April 19, 2017

TEXAS INSTRUMENTS INCORPORATED
By its attorneys,

Mark O. Denehy | BBO No. 120380
Katharine S. Perry | BBO No. 634167
Brian R. Birke | BBO No. 652720
ADLER POLLOCK & SHEEHAN P.C.
175 Federal Street
Boston, MA 02110
T: 617 482 0600

**INTRODUCTION**

Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss ("Opposition")

makes clear that the Court should dismiss the Complaint and/or enter final judgment in favor of

TI.[1]  First, it is not disputed that Plaintiff's claims are exclusively covered by the Act, and Plaintiff

does not credibly argue that the dual persona theory is appropriate, because separate and distinct

duties were not owed to Plaintiff and, therefore, the broad protections afforded TI under the Act

should not be disregarded.  Second, Plaintiff's equitable theory advanced to preserve his claims

fails because it lacks any foundation in the pleadings, the case law, the record, and the parties'

briefing.  Finally, Plaintiff's putative loss of consortium claim is not recognized under

Massachusetts law and, therefore, should be disregarded.

For the reasons set forth in this Reply Memorandum and the reasons set forth in TI's

Motion to Dismiss and for Summary Judgment ("Motion") and Supporting Memorandum, TI

respectfully requests that the Court grant TI's Motion.

**ARGUMENT**

I.      **Plaintiff's Opposition confirms that the dual persona theory is inapplicable and that his subject claims are barred by the Act.**

Plaintiff does not dispute that his alleged injury that forms the basis of his claims[2] are

personal injuries that arise out of and in the course of his employment with TI.  As a result, under

controlling Massachusetts law, Plaintiff's alleged injuries are exclusively covered, or

compensable, under the Act.  *Estate of Moulton v. Poupolo*, 467 Mass. 478, 483-84 (2014), *citing*

M.G.L. c. 152, §§ 24, 26.  The corollary of the Act's exclusive coverage is that TI is immune from

---

[1] Abbreviations and defined terms used in this Reply have the same meanings as set forth in TI's Memorandum of Law in Support of its Motion to Dismiss and for Summary Judgment ("Supporting Memorandum").

[2] All claims except for the portion of Count II regarding post-employment disposal of materials are subject to TI's argument concerning the Act.  *See* Supporting Memorandum, P. 8, n.5.

Plaintiff's claims. *See id.*, *citing* M.G.L. c. 152, § 24. Only by enforcing the Act's guaranteed compensation and grant of total immunity is the important public policy of ensuring predictability for both employee and employer by balancing protection for workers with certainty for employers furthered. *Saab v. Massachusetts CVS Pharmacy, LLC*, 452 Mass. 564, 567 (2008).

Notwithstanding the Act's broad coverage and immunity, Plaintiff would have the Court adopt the dual persona theory as a broad exception to the Act's immunity. The dual persona theory, however, is extremely limited and has not been explicitly adopted in Massachusetts. *Braga v. Genlyte Grp., Inc.,* 420 F.3d 35, 42 (1st Cir. 2005), *citing Barrett v. Rodgers*, 408 Mass. 614, 616 (1990). Massachusetts courts construing the dual persona theory have limited its application to instances where an employer (1) possesses a separate legal identity that (2) gives rise to duties to its employee that are completely distinct and unrelated from those that it owes as an employer. *See Barrett*, 408 Mass. at 619 (declining to apply the dual persona theory because the obligations of the employer through his separate legal persona as a dog owner was not "unrelated" to the employer's duty – to provide a safe work environment and free from dog attacks); *Wade v. Hutchins*, No. 940039, 4 Mass.L.Rptr. 174, 1995 WL 809542 at *2 (Mass. Super. June 22, 1995) (declining to apply the dual persona theory, notwithstanding that the employer's separate legal status as trustee/landowner was "legally distinguishable," because the duties of the dual personas completely overlapped – to maintain the premises in a reasonably safe condition). *See also Braga*, 420 F.3d at 40 (ruling liability outside of Act can be imposed "only if the 'nonemployer persona' owed the injured employee duties 'totally separate from and unrelated to' duties arising out of the employment relationship."), *quoting* 6 Arthur Larson & Lex K. Larson, LARSON'S WORKERS' COMPENSATION LAW § 113.01[4], at 113–10 (2005) ("Larson").[3]

---

[3] In contrast, Massachusetts courts that have applied the dual persona theory have done so only where the respective duties of the separate legal personas are completely unrelated. For example, the dual persona theory has been applied

It is this second element of the dual persona theory, which requires the existence of a separate, distinct, and unrelated duty owed by an employer's separate persona, that Plaintiff ignores.  Plaintiff improperly focuses solely on whether TI possessed a separate legal persona while ignoring the fatal fact that he alleges that the duties owed by TI and its predecessor, whether as landowner or as employer, not only completely overlap and are related to one another but, in fact, are identical.  *See* Supporting Memorandum, PP. 16-17 (setting forth Plaintiff's allegations of duties owed by TI).  Rather than address this defect in his case, Plaintiff cites foreign case law, which does not square with the analyses and holdings of *Barrett*, *Wade*, or *Braga*, or even consider the Massachusetts Workers' Compensation Act.  Plaintiff's inapposite foreign citations also do not adequately (if at all) consider the similarity or relatedness of the duties of an employer's separate persona, but focus simply on the existence of the separate legal personas of the employers.  *See Kimzey v. Interpace Corp., Inc.*, 10 Kan.App.2d 165, 694 P.2d 907 (1985) (holding dual *capacity* theory permits suit against employer in pre-merger product liability context); *Robinson v. KFC Nat. Mgmt. Co.*, 171 Ill. App. 3d 867, 868, 525 N.E.2d 1028, 1029 (1988) (same); *Percy v. Falcon Fabricators, Inc.*, 584 So.2d 17 (Fla. Dist. Ct. App. 1991) (same); *Thomas by City Nat. Bank of Fort Smith v. Valmac Indus., Inc.*, 306 Ark. 228, 812 S.W.2d 673 (1991) (same); *LaBelle v. Cepeau*, 593 A.2d 653 (Me. 1991) (contrary to *Wade*, holding that the dual *capacity* theory applies in formal landlord/tenant context); *Doggett v. Patrick*, 197 Ga.App. 420, 398 S.E.2d 770 (1990) (applying the dual persona theory where owner/landlord actively constructed defective premises and contrasting inapplicability of the theory where the allegations against an owner/landlord

---

to permit employee claims in the employer/pre-merger product liability context and the employer/pre-merger active tortious injury context.  *See Gurry v. Cumberland Farms, Inc.*, 406 Mass. 615, 621 (1990) (permitting suit against an employer that was also the successor of a corporation that designed and manufactured a sanding "buggy" that malfunctioned); *Roberts v. Delta Air Lines, Inc.*, No. CIV.A. 07-CV12154DPW, 2008 WL 5156654, **4, 10-11 (D. Mass. Dec. 4, 2008), *aff'd*, 599 F.3d 73 (1st Cir. 2010) (permitting suit under dual persona theory against a successor employer airline for an injury to a flight attendant of a pre-merger, legally distinguishable airline caused by the successor employer's pilot).

related to mere passive ownership or "nonfeasance"); *Patton v. Simone, et al.*, C.A. No. 90C-JA-29, 1992 Del. Super. LEXIS 277 (July 16, 1992) (applying dual persona theory against employer with a dual persona of landlord/tenant in a context of criminal conduct).

In short, Plaintiff's own allegations of the identical duties purportedly owed by TI and its predecessor as either an employer or a landowner, when cast against the existing Massachusetts case law on the dual persona theory, render the theory inapplicable. *See Barrett*, 408 Mass. at 619; *Wade*, 1995 WL 809542 at *2.[4]  The dual persona theory, therefore, regardless of any separate legal existence of TI's predecessor, is inapplicable here.  As a result, TI remains immune under the Act from Plaintiff's claims.

## II.    Plaintiff's equitable argument fails based simply on the pleadings.

Plaintiff claims in his Opposition, *without citation to any applicable authority or even reference to its Complaint*, that it would be inequitable to permit TI to avail itself of the Act's exclusivity; that TI should be estopped from such an argument.  Among the additional unsupported conclusions of law and fact that do not amount to argument (*e.g.*, that TI knew of his purported injury and had a duty to timely file with its workers' compensation carrier reports of any such injury), Plaintiff incorrectly represents *also without any support whatsoever* that TI has taken the position that he incurred "no work-related injuries" and, therefore, should not be afforded coverage under the Act.  TI's briefing on its Motion, however, reveals without contradiction that, to the extent Plaintiff's alleged injury is related to TI, it necessarily is work-related and, therefore, covered exclusively by the Act.  As a consequence, Plaintiff's theory fails under its own weight.

---

[4] Plaintiff's attempt to distinguish *Barrett* and *Wade* is unavailing.  In *Barrett*, the SJC clearly analyzed the dual persona theory – not the dual capacity theory, and ruled that an employer can be liable for a second non-employer persona *only* when that second persona generates duties unrelated to the entity's status as an employer. *See* 408 Mass. at 619.  In *Wade*, then-Superior Court Judge Sosman explicitly acknowledged that an employer possessed a "legally distinguishable," second or dual persona, but the dual persona theory could not apply because the second persona's duty was related to its employer duty. *See* 1995 WL 809542 at *2.

**III.     Plaintiff's alleged loss of consortium claim is not before the Court and should be disregarded.**

Plaintiff asserts that his Complaint contains a loss of consortium claim.  It is dispositive that the Complaint does not contain an independent claim for loss of consortium.  Further, and more importantly, under Massachusetts law Plaintiff is not entitled to bring an independent claim for loss of consortium.  A claim for loss of consortium, if it even exists here, can accrue only to third parties (*e.g.*, familial relations), and not Plaintiff, himself.  *See Charron v. Amaral*, 451 Mass. 767, 770 (2008) (ruling that loss of consortium claim presupposes a legal right to consortium of the injured person), *citing, among others, Fitzsimmons v. Mini Coach of Boston, Inc.*, 440 Mass. 1028, 1028 (2003).  As a result, Plaintiff's effort to maintain a loss of consortium claim that does not and cannot exist should be disregarded.

## CONCLUSION

For the foregoing reasons and those set forth in TI's Supporting Memorandum, TI respectfully requests that the Court grant TI's Motion and either dismiss with prejudice, or enter judgment in favor of TI on all of counts in the Complaint.

                                                          Respectfully submitted,

                                                          TEXAS INSTRUMENTS INCORPORATED
                                                          By its attorneys,


Dated: April 19, 2017                    /s/ Brian R. Birke_____
                                                          Mark O. Denehy | BBO No. 120380
                                                           mdenehy@apslaw.com
                                                          Katharine S. Perry | BBO No. 634167
                                                           kperry@apslaw.com
                                                          Brian R. Birke | BBO No. 652720
                                                           bbirke@apslaw.com
                                                          ADLER POLLOCK & SHEEHAN P.C.
                                                          175 Federal Street
                                                          Boston, MA 02110
                                                          T: 617 482 0600

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be served electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via First-Class U.S. Mail to those indicated as non-registered participants, on April 19, 2017.

Dated:  April 19, 2017 /s/ Brian R. Birke
                                        Brian R. Birke