UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BRETT TORNGREN,

    Plaintiff,

v.                                                Civil Action No. 1:16-cv-12345

TEXAS INSTRUMENTS, INC.,
AND JOHN DOE,

    Defendants.

## DEFENDANT TEXAS INSTRUMENTS INCORPORATED'S AUTOMATIC REQUIRED DISCLOSURE

Pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(A), Defendant Texas Instruments Incorporated ("Texas Instruments"), hereby submits the following initial automatic and required disclosure. Pursuant to Judge Woodlock's Memorandum and Order entered on March 31, 2018, granting in part and denying in part Texas Instruments' Motion to Dismiss, the scope of claims remaining in the case must relate to injuries alleged to have occurred outside the scope of employment. Injuries alleged to have occurred within the scope of employment are precluded by the Massachusetts Workers' Compensation Act.

Texas Instruments reserves the right to supplement this disclosure. In addition, by making this disclosure, Texas Instruments does not waive any right or claim it may have to assert the attorney-client privilege or attorney work-product protection for any testimony, document, or matter referred to herein. Nor does Texas Instruments admit or

concede, by making these disclosures, the admissibility, accuracy, or discoverability of the information and/or documents disclosed.

A. **Names And Addresses Of Individuals Or Entities Likely To Have Discoverable Information**

Pursuant to Fed. R Civ. P. 26(a)(1)(A)(i), the following persons and entities are likely to have discoverable information that Texas Instruments may use to support its claims:

1. James Cauger
   37 Frog Pond Close,
   Mashpee, MA 02649

   It is anticipated that Mr. Cauger may have knowledge regarding his activities at the Forrest Street Facility, the Shpack Landfill, and his various claims.

2. Brett Torngren
   56 Sherman Avenue
   North Providence, RI 02911

   It is anticipated that Mr. Torngren may have knowledge regarding his activities at the Attleboro Facility, the Shpack Landfill, and his various claims.

   It is anticipated that Brett Torngren may also have knowledge regarding his father, Frank Torngren's activities at the Forrest Street Facility, the Shpack Landfill, and his various claims in this lawsuit.

3. Frank Torngren
   39 Slater Street
   North Attleboro, MA 02703

   It is anticipated that Mr. Torngren may have knowledge regarding his activities at the Attleboro Facility, the Shpack Landfill, and his various claims.

   It is anticipated that Frank Torngren may also have knowledge regarding his son, Brett Torngren's activities at the Forrest Street Facility, the Shpack Landfill, and his various claims in this lawsuit.

4. Frank Veale
   c/o Adler Pollock & Sheehan P.C.

   Title: Former Environmental Manager at TI's Attleboro Facility

It is anticipated that Mr. Veale may have knowledge regarding the work performed at TI, decontamination of the Forrest Street Facility, and the health and safety rules, regulations, and procedures followed at TI. It is also anticipated that Mr. Veale may have knowledge regarding the investigation and remediation of the Shpack Landfill in Attleboro and Norton, MA.

5. Michael Elliot
   c/o Adler Pollock & Sheehan P.C.

   Title: Former ESH employee at TI's Attleboro Facility

   It is anticipated that Mr. Elliott may have knowledge regarding the work performed at TI, decontamination of the Forrest Street Facility, and the health and safety rules, regulations, and procedures followed at TI. It is also anticipated that Mr. Elliott may have knowledge regarding the investigation and remediation of the Shpack Landfill in Attleboro and Norton, MA.

**B.  Discoverable Documents**

Pursuant to Fed. R Civ. P. 26(a)(1)(A)(ii), Texas Instruments has in its possession, custody, or control, the following categories of documents which it may use to support its claims:

1. Documents confirming the employment of plaintiffs at TI, maintained and compiled by TI's Human Resources Department.

2. Declassified Nuclear Regulatory Commission decommissioning reports concerning the Forrest Street Facility, maintained by the United States Nuclear Regulatory Commission

3. Reports from the U.S. Environmental Protection Agency and other government agencies (and their contractors) regarding investigation and remediation of the Shpack Landfill, Attleboro and Norton, MA

Texas Instruments goes on to state all the documents listed above are available in the public domain and/or obtainable through FOIA requests to the appropriate federal agencies.

C.   **Computation Of Damages**

Pursuant to Fed. R Civ. P. 26(a)(1)(A)(iii), Texas Instruments goes on to state that it is not seeking any damages.

D.   **Insurance Agreements**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv), Texas Instruments goes on to state there is no insurance agreement that may be able to satisfy all or part of any possible judgment.

**TEXAS INSTRUMENTS RESERVES THE RIGHT TO AMEND OR SUPPLEMENT THE FOREGOING AUTOMATIC REQUIRED DISCLOSURES.**

Respectfully submitted,
TEXAS INSTRUMENTS INCORPORATED,
By its attorneys,

Dated: February 28, 2018

/s/ Mark O. Denehy

Mark O. Denehy | BBO No. 120380
ADLER POLLOCK & SHEEHAN P.C.
175 Federal Street
Boston, MA 02110-2890
T: 617.482.0600
F: 617.482.0604
E: mdenehy@apslaw.com